| NEW ORLEANS & GULF COAST RAILWAY COMPANY | * | NO. 2020-CA-0493 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| AMERICAN MIDSTREAM (LOUISIANA INTRASTATE), L.L.C. AND AMERICAN MIDSTREAM PARTNERSHIP, L.P. | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**BROWN, J., CONCURS WITH REASONS**

While I agree with the majority's opinion, I write separately to express why I find AM's expert's, Elliot Stein, affidavit and conflicting deposition testimony raises a genuine issue of material fact as to whether there is a correlative servitude of all 98 tracts of land. First, Mr. Stein's attested in his affidavit that AM "obtained rights of way/servitudes from *each* of the landowners of the tracts of land upon which the Pipeline was constructed and operated." (Emphasis added). However, Mr. Stein later testified in his deposition that he did not physically review all acts pertaining to right of ways/servitudes attached to his affidavit. In fact, he testified that he did not recall if he surveyed more than thirty tracts. Next, notwithstanding Mr. Stein's own inconsistent testimony, NO Railway's expert, Hugh McCurdy, attested that of the 102 tracts of land, four of which are owned by NO Railway, AM had *not* received permission from fee owners to run its pipeline on 62 tracts, of land.

The district court, in its reasons for judgment, acknowledged the four tracts owned by NO Railway, but relied on Mr. Stein's flawed affidavit when it dismissed NO Railway's claims as to the 98 tracts. It is my opinion that AM did not meet its burden of proof to show that there are *no* genuine issue of material facts as to whether AM had a right of way/servitude on the 98 tracts of land,

resulting in a correlative servitude.  I also find that AM's failure to prove it had fee agreements with the owners of the 98 tracts of land bolsters NO Railway's possessory claims.

For the foregoing reasons, I respectfully concur.